People v Laws (2026 NY Slip Op 00652)

People v Laws

2026 NY Slip Op 00652

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, MONTOUR, SMITH, AND GREENWOOD, JJ.

2 KA 23-01489

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vRYAN LAWS, DEFENDANT-APPELLANT. 

BANASIAK LAW OFFICE, PLLC, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CHRISTINE K. CALLANAN, DISTRICT ATTORNEY, LYONS (R. MICHAEL TANTILLO OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wayne County Court (Richard M. Healy, J.), rendered August 2, 2023. The judgment convicted defendant upon a plea of guilty of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of assault in the second degree (Penal Law § 120.05 [3]).
Contrary to defendant's contention, the record establishes that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Williams, 228 AD3d 1316, 1316 [4th Dept 2024], lv denied 42 NY3d 972 [2024], reconsideration denied 42 NY3d 1055 [2024]; see generally People v Thomas, 34 NY3d 545, 559-564 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Lopez, 6 NY3d 248, 256 [2006]). County Court's oral colloquy did not mischaracterize the waiver of the right to appeal as "an absolute bar to the taking of a first-tier direct appeal" (Thomas, 34 NY3d at 558; see People v Figueroa, 230 AD3d 1581, 1582 [4th Dept 2024], lv denied 42 NY3d 1079 [2025]). To the extent that defendant contends that the written waiver form he executed was defective, the oral colloquy, which followed the appropriate model colloquy, "cured th[e] [alleged] defect[s]" (People v Hoose, 236 AD3d 1294, 1295 [4th Dept 2025], lv denied 44 NY3d 993 [2025] [internal quotation marks omitted]; see People v Tandle, 238 AD3d 1503, 1504 [4th Dept 2025], lv denied 43 NY3d 1059 [2025]; Williams, 228 AD3d at 1317).
Defendant's valid waiver of the right to appeal precludes our review of his challenge to the severity of the sentence (see Lopez, 6 NY3d at 255-256; Tandle, 238 AD3d at 1504).
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court